F I L E D
United States Court of Appeals
Tenth Circuit

JUN 5 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

| | |
|---|---|
| C. KELLY CARPENTER, W. DAVID ABRAMS, STEVE R. ALLISON, L.H. AMMAN, WILLIAM L. AUMILLER, LESTER J. BEAULIEU, JR., EDWARD B. BINGHAM, DONALD G. BOWLING, LOREN L. BOYDSTUN, DAVID BRICKER, DALE A. CANINO, RICHARD W. CASTRICONE, ROBERT W. COLBORN, JAMES R. COLLIER, EDWARD A. CONNORS, HEATHER A. COOGAN, TIMOTHY J. CUTHRIELL, VINCENT J. DIMANNA, GARY J. ELLIS, DONALD L. FINK, PATRICK L. FLYNN, GERALD FRAZZINI, BRIAN D. GALLAGHER, PETER M. GARCIA, GARY L. GRAHAM, THOMAS P. HANEY, JR., EDWARD B. HANSEN, THOMAS J. HEATH, LYLE D. HESALROAD, ROBERT T. HILBURN, PAUL C. KAISER, JOHN F. KILPATRICK, MARY BETH KLEE, WAYNE KRIEGER, THOMAS C. LAHEY, TIMOTHY W. LEARY, JAMES LEO, GARY J. LEUHAUSER, RAYMOND J. LIBONATI, EDWARD LUJAN, JR., DAVID H. LUSK, DONALD R. MADDOCK, JUAN A. MALDONADO, STEVE C. METROS, JOHN W. MLINAR, WILLIAM R. MOHR, PAUL L. MUELLER, PATRICK V. MULHERN, C. DOUGLAS NOE, JOHN O'DELL, DANIEL J. O'HAYRE, MICHAEL T. O'NEILL, JOSEPH G. ORTIZ, MONTE C. PATTERSON, JAMES D. PONZI, BOBBY E. REAGAN, MIRIAM REED, ERNESTINE ROWE, R. ANTHONY RYAN, DENNIS J. SALAZAR, DONALD SALTZMAN, TOM SANCHEZ, RUDOLPH SANDOVAL, DANIEL J. SEWALD, CHARLES SMITH, ROBERT B. STEELY, BUCKLEY T. STEWART, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

ROBERT L. SWANSON, JOHN C. THOMPSON, )
GEORGE F. TORSNEY, MARCO K. VASQUEZ, )
FRANK J. VESSA, ELIZABETH WALTER, )
WILLIAM A. WEBB, JOHN L. WEBER, THOMAS )
A. WHEELER, GERALD R. WHITMAN, CURTIS )
D. WILLIAMS, THOMAS F. WOOD, DANIEL D. )
YOUNT, )
                                          )
    Plaintiffs-Appellants, )
                                          )
v. )      No. 95-1245
                                          )
CITY & COUNTY OF DENVER, COLORADO, )
                                          )
    Defendant-Appellee. )

_____

## OPINION ON REMAND

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 93-Z-2513)
S.Ct. No. 95-2088**

_____

Thomas B. Buescher and Dennis E. Valentine, Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Denver, CO, for Plaintiffs-Appellants.

Niels Loechell, Assistant City Attorney and Daniel E. Muse, City Attorney, Denver, CO, for Defendant-Appellee.

_____

Before **PORFILIO, BARRETT,** and **LUCERO,** Circuit Judges.

_____

**PORFILIO**, Circuit Judge.

    In *Carpenter v. City & County of Denver, Colo.*, 82 F.3d 353, 359 (10th Cir.

1996), we concluded the City of Denver's express policy on disciplining lieutenants, captains, and division chiefs in the Denver Police Department rendered these officers' salaries "subject to" disciplinary or other deductions requiring the City to pay them overtime compensation under the Fair Labor Standards Act (FLSA). In so holding, we recognized both the split in the Circuits over the meaning of "subject to" and the limited nature of our review which endowed "the agency's interpretation with substantial deference." *Id.* at 355. The Supreme Court vacated our decision, 117 S.Ct. 1078 (1997), and remanded for further consideration in light of *Auer v. Robbins*, ___ U.S. ___, 117 S.Ct. 905, 911 (1997). There, the Supreme Court resolved the split in the Circuits and deferred to the interpretation of the regulation, 29 C.F.R. § 541.118(a), set forth in an *amicus* brief filed by the Secretary of Labor.[1] The Secretary interpreted this salary-basis test "to deny exempt status when employees are covered by a policy that permits

---

[1]29 C.F.R.§ 541.118(a) states:

An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not *subject to* reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

(Italics added.)

3

disciplinary or other deductions in pay 'as a practical matter.'" *Id.* at 911. The standard is met, according to the Secretary, "if there is either an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Id.* The Court noted, "[t]he Secretary's approach rejects a wooden requirement of actual deductions, but in their absence it requires a clear and particularized policy -- one which 'effectively communicates' that deductions will be made in specified circumstances." *Id.*

Following remand of this case, we asked the parties to file supplemental briefs addressing the effect of *Auer*. Although plaintiffs offer several factual distinctions to distance their case from *Auer,* contending they alleged more disciplinary deductions and the City's policy is clearly articulated and particularized in its application to them, we cannot conclude the record before us supports the result we previously reached under the Court's present application of the Secretary's interpretation of the regulation.[2] Like *Auer*, this case involves a departmental manual which does not, as the Court noted,

> "effectively communicate" that pay deductions are an anticipated form of
> punishment for employees *in petitioners' category*, since it is perfectly
> possible to give full effect to every aspect of the manual without drawing
> any inference of that sort. If the statement of available penalties applied
> solely to petitioners, matters would be different; but since it applies both to
> petitioners and to employees who are unquestionably not paid on a salary
> basis, the expressed availability of disciplinary deductions may have
> reference only to the latter. No clear inference can be drawn as to the

---

[2]The record is even less supportive on the issues of partial day absences and the City's policy for military leave contrary to plaintiffs' contentions here.

likelihood of a sanction's being applied to employees such as petitioners. Nor, under the Secretary's approach, is such a likelihood established by the one-time deduction in a sergeant's pay, under unusual circumstances.

*Id.* at 911-12 (italics in original).

In this case, the City Charter applies to all members of the classified service, and, thus, does not "effectively communicate" that the statement of available penalties applies only to plaintiffs. *Id.* at 911. The record does not contain evidence of disciplinary or other deductions in pay either as an actual practice or "an employment policy that creates a 'significant likelihood' of such deductions." *Id.* Moreover, although there were two cases of alleged deductions, the Court specifically recognized that such one time deductions under unusual circumstances will not oust exempt status and may be remedied under 29 C.F.R. § 541.118(a)(6).

Consequently, under *Auer*, we affirm the order of the district court granting summary judgment in favor of the City. "Because the salary-basis test is a creature of the Secretary's own regulations, his interpretation of it is, under our jurisprudence, controlling unless 'plainly erroneous or inconsistent with the regulation.'" *Id.* at 911 (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989)). We therefore hold plaintiffs are exempt from the overtime requirements of the FLSA.