84 F.3d 655
 131 Lab.Cas. P 33,388, 3 Wage & Hour Cas.2d
(BNA) 524
 Harold YOURMAN, Ralph Bishop, William H. Dworkin, Frederick
Ewald, John L. Henderickson, Richard Krepela, Robert P.
McCarthy, Frank Meyer, Anthony Punzi, and Ronald L. Savitt,
on behalf of themselves and all other employees similarly
situated, Plaintiffs-Appellees-Cross-Appellants,
v.
David N. DINKINS, as Mayor of the City of New York, the New
York City Housing Authority, the Board of Education of the
City of New York, the City School District of the City of
New York, and the New York City Health and Hospitals
Corporation, Defendants-Appellants-Cross-Appellees.
 Nos. 1537, 1772, Dockets 95-7561, 95-7610XAP.
 United States Court of Appeals,
Second Circuit.
 Argued May 1, 1996.
Decided May 31, 1996.
 
 Appeal and cross-appeal from the May 12, 1995, judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, Judge) determining that municipal employees are entitled to overtime pay.
 Affirmed on the opinions of the District Court, Yourman v. Dinkins, 826 F.Supp. 736 (S.D.N.Y.1993); Yourman v. Dinkins, 865 F.Supp. 154 (S.D.N.Y.1994).
 Timothy J. O'Shaughnessy, Office of the Corporation Counsel, New York City (Paul A. Crotty, Corporation Counsel, Kristin M. Helmers, Office of the Corporation Counsel, New York City, on the brief), for defendants-appellants-cross-appellees.
 Edward M. Scher, Asst. Atty. Gen., Albany, N.Y. (Dennis C. Vacco, N.Y. State Atty. Gen., Victoria A. Graffeo, Peter H. Schiff, Office of the N.Y. State Atty. Gen., Albany, N.Y., on the brief), for amici curiae State of New York.
 Joan Stern Kiok, New York City (Robert N. Felix, New York City, on the brief), for plaintiffs-appellees-cross-appellants.
 (James E. Doyle, Atty. Gen., Richard Briles Moriarty, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, submitted a brief, for amicus curiae State of Wisconsin).
 (Arthur A. Hartinger, Liebert, Cassidy & Frierson, San Francisco, Cal., Louise H. Renne, Jonathan V. Holtzman, Darren W. Lee, City Atty.'s Office, San Francisco, Cal., submitted a brief, for amici curiae National League of Cities, et al.).
 (Richard Schoolman, Brooklyn, N.Y., submitted a brief for amicus curiae New York City Transit Authority).
 (Richard E. Casagrande, Lisa M. King, Albany, N.Y., submitted a brief, for amicus curiae New York State Public Employees Federation, AFL-CIO).
 Before: NEWMAN, Chief Judge, FEINBERG and OAKES, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal presents an issue that continues to divide the federal courts: how to apply in the public sector the Department of Labor's "salary basis" test, which is used to determine whether employees are managers and consequently not covered by the wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (1994). Some courts have ruled that the "salary basis" test is not met and employees are therefore protected by FLSA requirements where their pay is subject to reduction, even if no reduction has occurred. See Balgowan v. State of New Jersey, --- F.3d ---- (3d Cir.1996); Carpenter v. City & County of Denver, 82 F.3d 353, 359 (10th Cir.1996); Bankston v. State of Illinois, 60 F.3d 1249, 1253 (7th Cir.1995); Barner v. City of Novato, 17 F.3d 1256, 1262 (9th Cir.1994); Kinney v. District of Columbia, 994 F.2d 6, 11 (D.C.Cir.1993); Michigan Association of Governmental Employees v. Michigan Department of Corrections, 992 F.2d 82, 86 (6th Cir.1993). Other courts have ruled that the "salary basis" test is met and employees are therefore exempt from FLSA protections as long as no deductions from compensation have been made. See Auer v. Robbins, 65 F.3d 702, 711 (8th Cir.), petition for cert. filed, 64 U.S.L.W. 3428 (Dec. 7, 1995); McDonnell v. City of Omaha, 999 F.2d 293, 297 (8th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1188, 127 L.Ed.2d 538 (1994); Atlanta Professional Firefighters Union v. City of Atlanta, 920 F.2d 800, 805 (11th Cir.1991).
 
 
 2
 Appellants, the Mayor of New York City, the City's Board of Education, and its Health and Hospital Corp. (collectively, "the City"), appeal from the May 12, 1995, judgment of the District Court for the Southern District of New York (Loretta A. Preska, Judge), granting relief in the form of overtime pay under the FLSA to appellees, 435 of the City's supervisory employees ("the employees"). The City contends that the "salary basis" test, as applied to public employers, is irrational and violates the Administrative Procedure Act, 5 U.S.C. §§ 551-596 (1994), and also violates the Tenth Amendment. Alternatively, the City claims that its employees are not "subject to" reduction in pay, a criterion of the "salary basis" test, because (with one small exception), no reductions in pay have actually occurred. The City also claims a defense of good faith under the Portal-to-Portal Act, 29 U.S.C. § 259 (1994). The employees cross-appeal from that portion of the judgment that denied them straight time pay for hours worked between 35 and 40 hours per week.
 
 
 3
 In a thorough and thoughtful opinion, the District Court ruled that the City's express policies concerning deductions for discipline, court attendance, and temporary military leave placed the employees outside the managerial exemption. The District Court also reasoned that the employees were "subject to" pay reductions based on the City's express policies, and therefore that the City was liable to all employees in that classification, whether or not the policies had actually been applied. Finally, the District Court rejected the City's contention that the "salary basis" test, as applied, violates the Tenth Amendment and the Administrative Procedure Act, and also rejected the defense of good faith. Yourman v. Dinkins, 826 F.Supp. 736 (S.D.N.Y.1993).
 
 
 4
 On the employees' cross-appeal, the District Court found in a separate opinion that the employees were not entitled to "gap time" pay because the parties' employment agreement contemplated that the employees' salary would compensate for all hours worked up to the overtime threshold, with a minimum of 35 hours per week. Yourman v. Dinkins, 865 F.Supp. 154 (S.D.N.Y.1994).
 
 
 5
 Though the issues raised are important, no purpose would be served by adding further discussion to the dispute, already fully aired in the conflicting decisions cited above. We agree with the conclusions reached by Judge Preska in her comprehensive opinions, and leave the ultimate resolution of the statutory dispute to the Supreme Court or the Congress.
 
 
 6
 As to both the City's appeal and the employees' cross-appeal, we affirm on the opinions of the District Court.