Jeffrey COOKE, et al., Plaintiffs,

v.

GENERAL DYNAMICS CORPORATION,
Electric Boat Division, Defendant.

Robert DEVORE, et al., Plaintiffs,

v.

GENERAL DYNAMICS CORPORATION,
Electric Boat Division, Defendant.

Nos. 3:95CV0031 (WWE),
3:95CV0170 (WWE).

United States District Court,
D. Connecticut.

March 7, 1997.

Order Vacated in Part On Reconsideration,
March 24, 1997.

Richard J. Pascal, Mark E. Block, O'Brien, Shafner, Stuart, Kelly & Morris, PC, Norwich, CT, for Plaintiffs.

Rodger W. Lehr, Jr., Douglas M. Peachey General Dynamics/Electric Boat Div., Groton, CT, for Defendant.

### Ruling on Cross–Motions for Summary Judgment

EGINTON, Senior District Judge.

In this case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the parties have filed cross-motions for summary judgment which raise the sole issue of whether the plaintiffs meet the "salary basis" test in order to be considered "bona fide executive, administrative, or professional" employees exempt from the mandatory overtime requirements of the FLSA. *See* 29 C.F.R. §§ 541.118, 541.212, 541.312 (1990).

### Facts

The facts in this case are essentially undisputed. At all times relevant to their complaints, plaintiffs were employed by defendant's Electric Boat Division at its Groton, Connecticut facility. They performed parts ordering, contract accounting, and logistics work in the production of submarines. All plaintiffs were classified by defendant as "salaried exempt" employees and received an

annual salary, which was paid on a biweekly basis.

According to the Management Manual, SP 8–25, which sets forth defendant's "policy and procedure for consistent, complete, accurate and timely labor time recording," plaintiffs were required to record all hours worked and were required to record a minimum of forty hours each week. All labor hours were to be recorded against a "direct charge-to number" (referring to specific government contract billing accounts on which an employee was working and to which his or her labor would be charged) or charged to an overhead account. Partial hours were required to be recorded to the nearest one-half hour. If an individual plaintiff worked less than eight hours per day, he or she was required to make up the time on another day during the same work week or was required to use paid benefit time (sick leave, vacation, or personal leave) in order to record a minimum of forty hours per week. Thus, although plaintiffs were paid the same amount every two weeks, their paid benefit account balances would decline if they had not reported forty hours per week.

According to the sworn affidavit of defendant's Chief of Salary Administration, except in initial/terminal weeks of employment, salaried exempt employees such as plaintiffs received their full salary for each week in which they worked unless they elected to take time off without pay in full-day increments. Defendant further states that salaried exempt employees were never subject to reductions in biweekly salary for absences of less than a full day. (Affidavit of Robert H. Nardone ¶ 3). This in accordance with the Management Manual, SP 8–25, which specifically provides that "partial unpaid days [are] not permitted on any day that a salaried exempt employee reports to work."

For several years, defendant had a policy referred to as the "45 for 40" policy that required certain salaried exempt employees including plaintiffs to work an additional five hours in some weeks without being paid additional compensation for these hours. Occasionally, plaintiffs did receive overtime pay at the rate of one and one-half their regular pay rate.

During the week between Christmas and New Year's Day, the Groton plant was closed and plaintiffs were required to charge their paid benefit time for this week off, or at their option they could take time off without pay in full-day increments during the shutdown. If an employee did not have enough vacation days to cover the shutdown period and wished to be paid during this period, he or she was required to borrow vacation time, which was permitted up to forty hours. If the employees borrowed vacation time exceeded this forty hour maximum, then the employee was required to charge the overage to "unpaid personal." (Memo dated November 6, 1991, from E.B. Wells to D312 Salary Employees re. Christmas Shutdown).

Plaintiffs were also required to charge their vacation or other leave when snowstorms or other weather problems prevented their attendance at work. Plaintiffs further note that they were required to charge their paid vacation accounts for the time required for them to attend their depositions taken by defendant in this litigation.

Additionally, plaintiffs assert, and defendant concedes, that absenteeism and uncompensated overtime worked by salaried exempt employees were considered by defendant in evaluating their performance for purposes of assessing their eligibility for annual merit increases to salary.

Plaintiffs contend that the required use of accrued leave and vacation time and the potential for unpaid time (although no plaintiff's compensation was ever reduced) constitutes a salary reduction, which renders them "nonexempt" for purposes of the overtime compensation requirements of the FLSA. Defendant counters that a reduction in benefits, as opposed to a reduction in pay, does not affect an employee's status as a salaried exempt employee.

*Discussion*

The FLSA provides in relevant part that: Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce ... for a workweek longer than forty hours unless such em-

ployee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA then exempts from the overtime pay requirement those employees working in bona fide executive, administrative, or professional capacities, as such terms are defined in regulations promulgated by the Secretary of Labor. 29 U.S.C. § 213(a)(1).

The Department of Labor has promulgated a pair of regulations known as the "duties test," 29 C.F.R. § 541.1(f), and the "salary basis test." 29 C.F.R. § 541.118. To qualify for the "bona fide executive" exemption provided by 29 U.S.C. § 213(a)(1), an employee must meet both of these tests. *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir.1995); *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 613 (2d Cir.1991), *cert. denied*, 506 U.S. 905, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992), *on remand*, 821 F.Supp. 905 (S.D.N.Y.1993). The motions in the instant case address only the "salary basis" test.

The regulations define "salary basis" in relevant part as follows:

An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, *which amount is not subject to reduction because of variations in the quality or quantity of the work performed.* Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

. . .

(2) Deductions may be made, however, when the employee absents himself from work for a day or more for personal reasons, other than sickness or accident. Thus, if an employee is absent for a day or

longer to handle personal affairs, his salaried status will not be affected if deductions are made from his salary for such absences.

. . .

29 C.F.R. § 541.118(a)(emphasis added). Thus, although the regulations allow an employer to make deductions from an employee's pay when an employee is absent for a day or more for personal reasons, sickness, or disability without affecting the employee's salaried status, *see* 29 C.F.R. § 541.118(a)(2), (3), an employer is limited in the deductions it may make when an employee is absent for less than one day. The theory behind the salary basis test is that subjecting an employee's pay to deductions for absences of less than a day, including absences as short as an hour, is completely antithetical to the concept of a salaried employee. *See Abshire v. County of Kern*, 908 F.2d 483, 486 (9th Cir.1990), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991).

Because the FLSA is a remedial act, its exemptions are to be narrowly construed. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960). The burden is on the employer to prove that an employee falls "plainly and unmistakably within [the exemption's] terms and spirit." *Id.; see also Martin v. Malcolm Pirnie, Inc.*, 949 F.2d at 614.

The United States courts of appeals have split on the issue of whether a docking of pay must have actually occurred to place an employee outside the scope of the exemption. The Fifth, Eighth, and Eleventh Circuits have required an actual pay deduction. *See, e.g., York v. City of Wichita Falls*, 944 F.2d 236, 242 (5th Cir.1991); *Auer v. Robbins*, 65 F.3d 702, 711 (8th Cir.1995), *aff'd*, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (No. 95–897); *McDonnell v. City of Omaha*, 999 F.2d 293, 296–97 (8th Cir.1993), *cert. denied*, 510 U.S. 1163, 114 S.Ct. 1188, 127 L.Ed.2d 538 (1994); *Atlanta Professional Firefighters Union, Local 134 v. City of Atlanta*, 920 F.2d 800, 805 (11th Cir.1991). Most circuits, including the Second, have read the "subject to" language of 29 C.F.R. § 541.118(a) as meaning that if there is

merely a *possibility* for a reduction in pay rather than an actual reduction, the affected employee is not paid on a salary basis and thus loses the exemption. *See, e.g., Yourman v. Dinkins,* 84 F.3d 655 (2d Cir.1996), *petition for cert. filed,* 65 U.S.L.W. 3110 (U.S. Jul. 29, 1996) (No. 96–152); *Reich v. Waldbaum, Inc.,* 52 F.3d at 40; *Martin v. Malcolm Pirnie, Inc.,* 949 F.2d at 614; *Michigan Ass'n of Governmental Employees v. Michigan Dept. of Corrections,* 992 F.2d 82, 86 (6th Cir.1993); *Bankston v. State of Illinois,* 60 F.3d 1249, 1253 (7th Cir.1995); *Barner v. City of Novato,* 17 F.3d 1256, 1262 (9th Cir.1994); *Abshire v. County of Kern,* 908 F.2d 483, 485 (9th Cir.1990); *Spradling v. City of Tulsa,* 95 F.3d 1492, 1500–01 (10th Cir.1996), *petition for cert. filed,* 65 U.S.L.W. 3433 (U.S. Dec. 6, 1996) (No. 96–905); *Carpenter v. City & County of Denver,* 82 F.3d 353, 359 (10th Cir.1996), *petition for cert. filed,* 65 U.S.L.W. 3017 (U.S. Jun. 28, 1996) (No. 95–2088); *Kinney v. District of Columbia,* 994 F.2d 6, 11 (D.C.Cir.1993).

Much of the controversy amongst the circuits on this issue has been laid to rest by a decision of the Supreme Court handed down last month which adopted a somewhat hybrid approach at least with respect to public-sector employees. *Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). The Court adopted the position of the Secretary of Labor interpreting the salary-basis test to deny exempt status to employees who are covered by a policy that permits deductions in pay "as a practical matter." That standard is met, according to the Secretary, if there is either an actual practice of making such deductions or an employment policy that creates a "likelihood" of such deductions. *Id.* 117 S.Ct. at 910. The Court found that the Secretary's position was in keeping with the meaning of the "critical phrase" of the regulation—the "subject to" language. In giving deference to the Secretary's position, the Court held:

> The Secretary's approach rejects a wooden requirement of actual deductions, but in their absence it requires a clear and particularized policy—one which "effectively communicates" that deductions will be made under specified circumstances. This avoids the imposition of massive and unanticipated overtime liability ... in situations in which a vague or broadly worded policy is nominally applicable to a whole range of personnel but is not "significantly likely" to be invoked against salaried employees.

*Id.* at 910.

 The instant case presents an issue that has not been addressed by the Second Circuit and was not addressed by the Supreme Court in *Auer,* that being whether an employer's policy of requiring deductions from a salaried employee's vacation, personal leave or other paid benefits accounts when he or she works less than the required forty hours per week violates the "salary basis" test for exempt executive employees. Again there is a split in the circuits on this issue.

The Ninth and Tenth Circuits, as well as a number of district courts, have held that the required use of accrued benefits to cover partial day absences from work does not violate the salary basis test. *Barner v. City of Novato,* 17 F.3d 1256, 1261–62 (9th Cir. 1994); *Aaron v. City of Wichita,* 54 F.3d 652, 658 (10th Cir.); *Bennett v. City of Albuquerque,* No. 94–2094, 1995 WL 230315 (10th Cir. Apr.18, 1995), (holding that absent a specific policy to reduce the amount of pay, as opposed to reductions in accrued benefits, the salary basis concept is not violated), *cert. denied,* 516 U.S. 965, 116 S.Ct. 419, 133 L.Ed.2d 336 (1995); *see also Kuchinskas v. Broward County,* 840 F.Supp. 1548, 1553 (S.D.Fla.1993)(holding that leave banks do not constitute salary and that any reduction to leave banks would not negate an exempt employee's status), *aff'd,* 86 F.3d 1168 (11th Cir.1996), *petition for cert. filed,* 65 U.S.L.W. 3342 (Oct. 22, 1996) (No. 96–652); *International Ass'n of Fire Fighters, Alexandria Local 2141 v. City of Alexandria,* 720 F.Supp. 1230, 1232 (E.D.Va.1989)(holding that "the docking of leave or accrued compensatory time for absences of less than an entire day [does not] defeat salaried status"), *aff'd without opinion,* 912 F.2d 463 (4th Cir. 1990). The Seventh Circuit, however, has found an employer's policy of docking comp time for every hour an employee was late or left early to be antithetical to the regulations that require a salaried employee to be paid

the same regardless of the number of hours worked. *Klein v. Rush–Presbyterian–St. Luke's Medical Center,* 990 F.2d 279, 284 (7th Cir.1993); *see also Thomas v. County of Fairfax,* 758 F.Supp. 353, 366 (E.D.Va.1991)(holding that the docking of one hour's leave for daylight savings time affronts the concept of a salaried executive).

Defendant cites several opinion letters of the Wage and Hour Division, setting forth the Department's policy on this issue, which is in conformity with the position taken by the Ninth and Tenth Circuits. In a 1994 opinion letter, the Wage and Hour Division stated:

> Where an employer has a bona fide benefits plan, it is permissible to substitute or reduce the accrued benefits for the time an employee is absent from work, even if it is less than a full day, without affecting the salary basis of payment, if by substituting or reducing such benefits, the employee receives in payment an amount equal to his or her guaranteed salary.

Wage and Hour Opinion Letter, Nov. 30, 1994, at 1. This position was reconfirmed in a January 7, 1997, letter from the Office of the Solicitor, Department of Labor, to Counsel for Malcolm Pirnie, Inc., (defendant in the Second Circuit case of *Martin v. Malcolm Pirnie, Inc., supra* ) that the salary basis of payment would not be defeated *solely* by virtue of a change in the company's policy to allow partial-day deductions from paid leave accounts for partial-day absences, as long as no deduction from actual pay would result. The letter noted further that, in determining whether the requirements of 29 C.F.R. § 541.118 were met, the Second Circuit in *Martin* had considered all of the facts and circumstances, including the fact that the employees were required to suffer deductions from personal leave for absences of less than a day, that they were required to make up hours missed or incur salary deductions, that employees in all grades were treated the same, and the employer's requirement that employees work at least eight hours per day. The letter concluded:

> Although the court did not rule expressly on the issue, we believe it would be consistent with the court's decision to conclude that where the other factors considered by the court support the invocation of the exemption, the fact that leave balances may be subject to reduction alone does not defeat compliance with the salary basis regulation.

■ As the Supreme Court held in *Auer,* because the "salary-basis test is a creature of the Secretary's own regulations, his interpretation of it is, under our jurisprudence, controlling unless 'plainly erroneous or inconsistent with the regulation.' " 519 U.S. 452, 117 S.Ct. 905, 910, 137 L.Ed.2d 79 (citations and internal quotations omitted). The position of the Secretary is consistent with the language of the regulation, 29 C.F.R. § 541.118(a), and is therefore controlling on this issue. The language of the regulation specifically refers to the "amount" of compensation. *See Barner v. City of Novato,* 17 F.3d at 1261–62 (holding that the words "amount" and "compensation" in the regulation referred to cash or salary rather than to all forms of compensation). Moreover, subsection (1) of section 541.118(a), on which plaintiffs rely, refers to "deductions from his predetermined compensation," [1] which relates to a predetermined

---

1. Section 541.118(a)(1) provides in relevant part:

> An employee will not be considered to be "on a salary basis" if deductions from his predetermined compensation are made for absences occasioned by the employer or the operating requirements of the business. . . .

Plaintiffs cite this section in support of their position that defendant could not require them to reduce their paid leave accounts during the week-long shutdown at Christmas without violating the salary basis test. However, this Court interprets this section as referring to deductions from pay, as opposed to employee benefit accounts.

It does appear that during the Christmas shutdown an employee's pay could be docked if he had used all of his accrued vacation and the forty hours of unaccrued vacation that the employer could advance. The only plaintiff that has submitted evidence of deductions from his unpaid personal account is Jeffrey Cooke, who requested that his account be docked 16 hours in 1991 and 1992. Thus, presumably he lost two days pay in each of those years. However, the circumstances surrounding his requests for these deductions are not clear from the record. The Court also notes that these charges were for full-day increments.

salary, not employee benefits. In keeping with the decisions of the Ninth and Tenth Circuits, the court holds that where the only deductions for partial-day absences are to an employee's paid leave accounts and the employer has a policy that no deductions from salary shall be made for partial-day absences, the salaried status of an employee has not been violated.

However, the inquiry does not end here, for as the Assistant Solicitor noted in his Letter of January 7, 1997, regarding *Martin v. Malcolm–Pirnie, Inc.*, the Second Circuit looked to a multitude of facts and circumstances. In other words, this court's ruling that defendant's docking of paid leave balances does not defeat the salary basis test does not necessarily mean that the salary basis test has been met with respect to these employees.

In *Martin*, as in the instant case, the employees were paid a fixed amount on a biweekly basis based upon a salary assigned to their particular grade, and they were required to work at least eight hours per day. The court noted that "a company's general requirement that its employees work at least eight hours in a day strongly suggests that the company views these employees as hourly and not salaried." 949 F.2d at 617. *Martin*, however, is distinguishable from the facts of this case in that not only did the employer have a policy of docking the employees' pay, but at least some of the employees had actually suffered a reduction in pay, directly implicating the salary basis regulation. Here, the defendant had a policy that a salaried exempt employee's salary could never be reduced for absences of less than a day. Further, there is no evidence that any plaintiff was ever subjected to partial-day pay reductions.

Neither the fact that plaintiffs were required to work and account for eight hours per day, forty hours per week, nor the fact that they were occasionally paid overtime,[2] undermines the reality that each plaintiff regularly received "each pay period ... a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a). In reviewing the facts of this case, the court is mindful of the nature of defendant's business and the need for defendant to carefully account for the hours charged to various government projects on which plaintiffs worked. The court finds that defendant has carried its burden of proving that the plaintiffs were paid on a "salary basis" and are exempt from the overtime pay requirements of the FLSA.

There being no genuine issues of material fact, defendant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).

### Conclusion

Defendant's motion for summary judgment (**Doc. # 89**) is GRANTED and plaintiffs' cross-motion for summary judgment (**Doc. # 93**) is DENIED.

The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

### *MOTION FOR RECONSIDERATION*

3/26/97: The Court, having been advised by Counsel for Defendant that the Motion for Reconsideration is not opposed, hereby GRANTS Plaintiffs' Motion for Reconsideration. The Court VACATES the Judgment entered on March 13, 1997. The Court further AMENDS its Ruling on the Cross–Motions for Summary Judgment (Doc. # 117) to indicate that Defendant is entitled to Partial Summary Judgment on the salary basis test. A supplemental ruling will be issued with respect to the remaining portions of Defendant's Motion for Summary Judgment. Accordingly, Defendant's Motion for Summary Judgment (Doc. # 89) is GRANTED IN PART. Plaintiffs' Cross–Motion for Summary Judgment (Doc. # 93) is DENIED.

SO ORDERED.

---

Similarly, subsection (4) prohibiting "deductions" for attendance as a witness refers to the same type of deductions, deductions from compensation.

**2.** Payment of overtime does not defeat an employee's status as a salaried employee. *See* 29 C.F.R. § 541.118(b); *Aaron v. City of Wichita*, 54 F.3d at 658.