133 F.3d 1063
 134 Lab.Cas. P 33,637, 4 Wage & Hour Cas.2d
(BNA) 558
 Gerald R. MUELLER, James A. Andreshak, and Frederick
Moeller, on behalf of themselves and all other
employees of the State of Wisconsin
similarly situated, et al.,
Plaintiffs-Appellants,
v.
Charles H. THOMPSON, Secretary, Department of
Transportation, et al., Defendants-Appellees.
 No. 94-3262.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 4, 1997.
Decided Jan. 20, 1998.
 
 William Haus (argued in Dkt. No. 94-3263), Lauri Roman, Michael E. Banks (argued in Dkt. No. 94-3262), Kelly & Haus, Madison, WI, for Plaintiff-Appellant Gerald R. Mueller.
 Lauri Roman, Kelly & Haus, Madison, WI, for Plaintiffs-Appellants in Dkt. No. 94-3262.
 William Haus, Lauri Roman, Michael E. Banks, Kelly & Haus, Madison, WI, for Plaintiffs-Appellants in Dkt. No. 94-3263.
 Jennifer Sloan Lattis, Office of the Attorney General, Richard Briles Moriarty (argued for James Klauser), Wisconsin Department of Justice, Madison, WI, for Defendants-Appellees.
 Paul Frieden, Department of Labor, Office of the Solicitor, Washington, DC, for Defendants-Appellees Robert B. Reich and United States Department of Labor.
 Christine O. Gregoire, Office of the Attorney General of Washington, Olympia, WA, for Amicus Curiae State of Washington.
 Bruce F. Ehlke, Aaron N. Halstead, Shneidman, Myers, Dowling & Blumenfield, Madison, WI, for Amicus Curiae Local 2912 American Federation of State, County and Municipal Employees, AFL-CIO, Council 31.
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 The plaintiffs, employees of the State of Wisconsin, brought this suit in a federal district court in Wisconsin against the State for overtime pay to which they claim to be entitled by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. The U.S. Secretary of Labor was gratuitously named as an additional defendant, merely because the plaintiffs wanted to invalidate a regulation that he had issued under the Act; there was neither need nor occasion to name the Secretary, because the plaintiffs sought no relief against him, and so he was dismissed from the case. Mueller v. Reich, 54 F.3d 438, 440-41 (7th Cir.1995). The district court granted summary judgment for the defendants. We reversed, holding that the plaintiffs had stated a claim under the Act. Id. at 441-43. Shortly afterward, the Supreme Court held that the Eleventh Amendment bars suits against a state in federal court based on statutes, including the FLSA, that are enacted under Congress's power to regulate interstate and foreign commerce, unless, of course, the state waives its rights under the amendment. Seminole Tribe v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The State of Wisconsin had meanwhile asked the Court to review our decision in Mueller, and after Seminole Tribe came down the Court vacated our judgment and remanded the case to us for reconsideration in light of Seminole Tribe. Wisconsin v. Mueller, --- U.S. ----, 117 S.Ct. 1077, 137 L.Ed.2d 212 (1997). We invited supplemental briefs and held argument. The only issue is whether Wisconsin has waived its Eleventh Amendment immunity from suit in federal court under the FLSA. For similar cases arising in other states, see Mills v. Maine, 118 F.3d 37 (1st Cir.1997); Raper v. Iowa, 115 F.3d 623 (8th Cir.1997); Wilson-Jones v. Caviness, 99 F.3d 203 (6th Cir.1996).
 
 
 2
 Federal courts will not entertain suits against a state that arise under a federal statute to which the Eleventh Amendment is applicable unless the state has made its intention to waive its rights under the amendment clear. Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 577, 66 S.Ct. 745, 747, 90 L.Ed. 862 (1946); Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 54, 64 S.Ct. 873, 876-77, 88 L.Ed. 1121 (1944); Vickery v. Jones, 100 F.3d 1334, 1346 (7th Cir.1996); Knight v. New York, 443 F.2d 415, 419 (2d Cir.1971) (Friendly, J.). No magic words are required, cf. Franchise Tax Bd. v. U.S. Postal Service, 467 U.S. 512, 521, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984); Rosebud Sioux Tribe v. Val-U Construction Co., 50 F.3d 560, 563 (8th Cir.1995), but implicit waivers won't do; the court must be highly confident that the state really did intend to allow itself to be sued in federal court.
 
 
 3
 A Wisconsin statute authorizes suits to be brought "in any court of competent jurisdiction" against employers--including the State itself--for overtime pay. Wis. Stat. §§ 109.01(2), (3); 109.03(5). Another statute authorizes the state's labor department to adopt rules specifying when work is overtime. Wis. Stat. § 103.02. Pursuant to this delegation, the department has adopted the FLSA and regulations under it relating to state and local employees to be the law of Wisconsin regarding overtime pay. Wis. Admin. Code ILHR § 274.08(2). The plaintiffs argue that this chain of provisions effects a waiver of the State's Eleventh Amendment immunity from suit in federal court under the FLSA.
 
 
 4
 It does no such thing. The provisions we have cited have reference only to Wisconsin state law of overtime compensation. The fact that the State's labor department has copied the federal overtime provisions into state law does not transform state into federal law, any more than by copying the Federal Rules of Civil Procedure a state turns its procedural code into federal law. David P. Currie, Federal Jurisdiction in a Nutshell 101-02 (3d ed.1990); cf. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); Dillon v. Combs, 895 F.2d 1175, 1177 (7th Cir.1990); Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 92-94 (3d Cir.1992). A contrary conclusion would enable a state to dragoon the federal courts into the enforcement of its local laws by making the violation of state law the infringement of a federal right. Moreover, we are about to see that when the provisions of Wisconsin law that are in question were enacted, the states were largely immune from the FLSA. So far as appears, therefore, the provision of the Wisconsin statute authorizing a suit for overtime pay "in any court of competent jurisdiction" has reference only to suits to enforce Wisconsin's law of overtime compensation, and as it is highly unlikely that there would be diversity of citizenship between a Wisconsin employee and the State of Wisconsin as employer, the draftsmen of the provision are unlikely to have had federal courts in mind when they said "any court of competent jurisdiction."
 
 
 5
 A bit of history may help to clarify the point. Until 1966 the states were exempt from the FLSA, and so the issue of their Eleventh Amendment immunity to suits under the Act would not have arisen. Congress that year amended the Act to cover some state employees, but the states retained their Eleventh Amendment immunity from suit by the covered employees. Employees v. Department of Public Health & Welfare, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). At this point, the issue of waiver was, in principle anyway, a live one. The Court hinted in Employees, however, that Congress could abrogate the states' Eleventh Amendment immunity to suits under the FLSA if it made its intentions clear, id. at 284-85, 93 S.Ct. at 1617-18, and Congress did just that the next year, 29 U.S.C. § 216(b); Thomas v. Louisiana, 534 F.2d 613, 614 (5th Cir.1975); Dunlop v. New Jersey, 522 F.2d 504, 515 n. 20 (3d Cir.1975), vacated on other grounds under the name New Jersey v. Usery, 427 U.S. 909, 96 S.Ct. 3196, 49 L.Ed.2d 1202 (1976), in the course of amending the Act to eliminate the remaining exemption of state employees. Between then and the decision in Seminole Tribe more than two decades later (except for the interval in which National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), overruled by Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), was in force, granting states a federalism-inspired judge-created "sovereign functions" immunity from certain federal employment statutes, including the FLSA, that was broader than the immunity granted by the Eleventh Amendment, which is limited to suits by private persons against a state in federal court), everyone appears to have thought that states were suable in federal court for violations of the FLSA. True, this was not authoritatively confirmed until Pennsylvania v. Union Gas Co., 491 U.S. 1, 13-23, 109 S.Ct. 2273, 2280-86, 105 L.Ed.2d 1 (1989) (plurality opinion), the decision overruled by Seminole Tribe, 517 U.S. at ---- - ----, 116 S.Ct. at 1125-32. But either the hint in the Employees opinion was thought authoritative, or the states were concentrating on obtaining the more complete immunity promised by National League of Cities, for we cannot find any case before Union Gas in which a state interposed the Eleventh Amendment as a defense to suit under the FLSA. Because the states seem not to have believed they had an Eleventh Amendment immunity to waive, the issue of waiver was unlikely to arise.
 
 
 6
 It is true that one can waive a contingent right. Heirs presumptive in England used to sell their contingent rights to legacies. But a state would be unlikely to waive what must have seemed the remote contingency (though it came to pass) that the Supreme Court might reverse course and hold that the Eleventh Amendment was applicable to suits under the Fair Labor Standards Act after all. Legislatures are not famous for legislating with reference to the remote and uncertain future; sufficient unto the day is the evil thereof might be the legislator's motto. The provisions of Wisconsin law that we have cited give no hint of so peculiar an intention as waiving a right that no one thought was the State's to waive, and we are pointed to no legislative history or other sources for inferring such an intention.
 
 
 7
 It is true that these provisions go back to 1971, when some state employees were covered by the FLSA. Wisconsin would not then have been certain either that it would not be sued under the Act or that if it were sued it would have an Eleventh Amendment defense. But it is unlikely to have thought that it really needed the defense, for only a few of its employees were subject to the FLSA and Congress hadn't purported to give them a right to sue in federal court. There was thus little reason for the State to think about the Eleventh Amendment--but that negates any inference that the State waived the amendment, waiver being normally and here the deliberate relinquishment of a right.
 
 
 8
 In the wake of Seminole Tribe, states will have to decide whether they want to allow FLSA suits to be brought in federal as well as state court against them. As we have explained, it is unlikely that an intention to waive their Eleventh Amendment defense to such suits will be found on the basis of state enactments prior to Seminole Tribe. Certainly Wisconsin has not made clear by any such enactment that it wants to waive the defense, so it cannot be held to have relinquished its Eleventh Amendment immunity, let alone to have done so clearly.
 
 
 9
 The suit is dismissed for want of federal jurisdiction.