Mark A. JARRETT; Marcus McCollum; Joel Baker; Rondell L. Wood; Carlton Stanley Livingston, Jr.; Samuel D. Baker; Alfred Story; Michael Patrick Hill; Harold E. Rushton; David John Conrad; Roy G. Sumja and John Curtis Clark, Plaintiffs,

v.

James ALEXANDER, Director of the Department of Public Safety, in both his individual and official capacities; Major Patrick Manning, Chief of the Highway Patrol Division, in both his individual and official capacities; Henry Mabry, Finance Director of the State of Alabama; and Don Siegelman, Governor of the State of Alabama; State of Alabama, Defendants.

No. CIV.A. 01–A–1519–N.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 25, 2002.

Jimmy L. DeBardelaben, Dorothy F. Norwood, Milton J. Westry, DeBardelaben & Westry PC, Montgomery, AL, Robert C. (Mike) Brock, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, for Plaintiffs.

Thomas D. Simon, Alabama Department of Public Safety, Montgomery, AL, Charles B. Campbell, Office of the Attorney General, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. # 41) filed by the Defendants, and a Motion for Conditional Class Certification and for Permission to Send Notice to Class of Right to Opt-in Pursuant to 29 U.S.C. § 216(b) (Doc. # 32) filed by the Plaintiffs.

The Plaintiffs originally filed their Complaint in this case in December 2001 and subsequently filed an Amended Complaint in January of 2002 and a Second Amended Complaint in May 2002. They have sought to bring claims on behalf of a class under the Fair Labor Standards Act ("FLSA") (Count I) and bring claims for violation of the FLSA (Count II) and 42 U.S.C. § 1983 (Count III). The Plaintiffs seek damages and prospective injunctive relief.

The Defendants have moved for dismissal of the Second Amended Complaint primarily on the basis of lack of jurisdiction, but also for failure to state a claim.

## II. *MOTION TO DISMISS STANDARDS*

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the Complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). In deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *See Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. This standard imposes an "exceedingly low" threshold on the non-moving party in order to survive a motion to dismiss for failure to state a claim in order reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990); *Hayden v. Blue Cross & Blue Shield of Alabama,* 855 F.Supp. 344, 347 (M.D.Ala.1994). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction

based on matters outside the pleadings. *See Lawrence,* 919 F.2d at 1529. Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *See Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir.1991).

## III. *FACTS*

The allegations of the Plaintiffs' Second Amended Complaint are as follows:

The Plaintiffs are all either currently employed, or have been employed, as Alabama State Troopers by the Department of Public Safety of the State of Alabama. The Plaintiffs base their claims on their contention that they are required to be on "on call" status at their homes, but the time spent on call is not compensated as overtime. The Plaintiffs also allege that those Plaintiffs employed as Traffic Homicide Investigators are required to do detailed accident reconstruction reports, but are not given time away from other duties to prepare such reports, and so must complete the reports on their own time without compensation. The Plaintiffs contend that the failure to compensate them for on call time or time spent completing reports is a violation of the FLSA and of the Equal Protection Clause of the United States Constitution.

## IV. *DISCUSSION*

The court will separately address the Equal Protection and FLSA claims and the basis for dismissal asserted as to each.

A. § 1983 Equal Protection Claims

The Defendants have raised essentially three arguments in support of the dismissal of the Equal Protection claims asserted in this case. They have argued that the FLSA is an exclusive remedy for the wage dispute at issue here, that the State cannot be subjected to money damages for a

§ 1983 violation, and that the individual defendants in their individual capacities are entitled to qualified immunity.

■ The authority cited by the State to establish that the FLSA is an exclusive remedy does not stand for the broad proposition for which the State cites it. The authority cited merely holds that a § 1983 action cannot be used as a mechanism for enforcing FLSA rights. *See Kendall v. City of Chesapeake, Va.,* 174 F.3d 437, 443 (4th Cir.1999)(concluding that "the mechanisms established by the FLSA preclude a § 1983 action to enforce FLSA rights"). The Plaintiffs have not sought to bring a § 1983 claim for violation of the FLSA, but have asserted an independent violation of the United States Constitution.

The issue before the court, therefore, is whether the enforcement mechanism provided by the FLSA also precludes an Equal Protection claim under § 1983 in this case. The Plaintiffs have referred in brief to the overtime compensation of law enforcement officials of a different State agency. Although this contention is not included in the Second Amendment Complaint, the Plaintiffs apparently intend to rest their claim not on allegations that the provisions of the FLSA have been violated, but on allegations that there is unequal treatment among similarly-situated state employees.

■ The Eleventh Circuit has previously concluded that Title VII is not an exclusive remedy for employment discrimination in the private sector and that § 1983 constitutional claims may still be asserted by public employees. *See Thigpen v. Bibb County, Ga., Sheriff's Dept.,* 223 F.3d 1231, 1237 (11th Cir.2000) ("Section 1983 therefore remains an available cause of action for bringing equal protection claims against municipal employers which allegedly have engaged in employment discrimination."). At least one district court decision outside of this circuit has reasoned

that even though Title VII and § 1983 claims can exist simultaneously, where an Equal Protection claim is simply based on a denial of overtime, the Equal Protection claim is not separately cognizable from the FLSA claim. *See Barfield v. Madison Co., Miss.,* 984 F.Supp. 491 (S.D.Miss. 1997). In this case, however, at least under the characterization of the claim put forth in the Plaintiffs' brief, the Plaintiffs apparently are not attempting argue that the violation of the FLSA is also a violation of the Equal Protection Clause, but are instead asserting a constitutional claim based on wage differences between the Plaintiff employees and other state employees. Under such a theory, it is conceivable that if similarly situated persons are treated differently, an Equal Protection claim may be established even if the Plaintiffs would not be entitled to overtime under the FLSA. Accordingly, at this stage in the proceedings, the court cannot conclude that FLSA provides the exclusive remedy.

■ The extent to which the Plaintiffs may proceed on an Equal Protection claim under § 1983 against a state agency is limited, however. A state is not considered to be a "person" for purposes of § 1983 actions. *Will v. Michigan Department of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In addition, where a party attempts to sue a state or a state agency in federal court, the Eleventh Amendment prohibits the federal court from exercising jurisdiction over the suit, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Furthermore, "[l]awsuits against a state official in his or

her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir.1990)(quoting *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). Where a plaintiff seeks monetary relief from a state employee in his or her official capacity, the state is considered the real party in interest because an award of damages would be paid by the state. *Id.* Consequently, dismissal of the § 1983 claims is appropriate where the Plaintiffs seek monetary damages. The Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief, however. *See Cross v. State of Ala. Dept. of Mental Health & Mental Retardation,* 49 F.3d 1490, 1503 (11th Cir.1995); *Wu v. Thomas,* 863 F.2d 1543, 1550 (11th Cir.1989).

■ State agents in their official capacities also may be properly subject to prospective injunctive relief under § 1983 because such actions are not treated as actions against the State. *See Cross,* 49 F.3d at 1503; *see also Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

The Defendants have stated in two sentences in their briefs that the individual Defendants sued in their individual capacities are entitled to qualified immunity on the Equal Protection claim. The brevity of the Defendants' argument may stem from the fact that there is virtually no factual basis articulated in the Second Amended Complaint for an Equal Protection claim against any individuals. It is only in the Plaintiffs' brief that they mention that the Plaintiffs intend to proceed on a theory that other law enforcement officials employed by the State are treated differently from these Plaintiffs.

■ The constitutional claims brought against Defendants in their individual ca-

pacities do not specify what actions these Defendants individually took and are, therefore, insufficiently pled under the heightened pleading standard. *Malone v. Chambers County Bd. of Comm'rs,* 875 F.Supp. 773, 790 (M.D.Ala.1994); *GJR Investments, Inc. v. County of Escambia, Florida,* 132 F.3d 1359, 1367 (11th Cir. 1998). Even where, as here, the Plaintiffs apparently intend to proceed on a theory that the Equal Protection Clause is violated because they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Williams v. Pryor,* 240 F.3d 944, 951 (11th Cir.2001), the Plaintiffs still must show that they were treated differently from others similarly situated. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Accordingly, as the Plaintiffs have failed to sufficiently allege in their Second Amended Complaint the basis of their Equal Protection claims against the individuals, the claims against the individuals will be dismissed without prejudice for the Plaintiffs to replead those claims, should they choose to do so. Further, even when the heightened pleading standard is not applied, the basis for the Equal Protection claim against the State officials in their official capacities as alleged in the Second Amendment Complaint is not consistent with the position taken in the brief in opposition to the Motion to Dismiss. Therefore, the court will dismiss all Equal Protection claims without prejudice, to be re-pled, should the Plaintiffs choose to do so.

## B. FLSA CLAIM

The Defendants have argued that this court lacks jurisdiction over the FLSA claims asserted in this case on the basis of the Eleventh Amendment. The Defendants argue that Congress acted outside of its authority in abrogating the State's

Eleventh Amendment immunity under the FLSA. In support of this argument, the Defendants cite this court to a decision of the Eleventh Circuit Court of Appeals in which the court explicitly stated that the district court properly dismissed a claim for unpaid overtime wages based on the State's Eleventh Amendment immunity, and that the right to bring an action for injunctive relief under the FLSA rests exclusively with the United States Department of Labor. *Powell v. State of Florida,* 132 F.3d 677, 678 (11th Cir.1998).

In response, the Plaintiffs state that they agree there is no private right of action to bring an FLSA claim for injunctive relief and state that they will inform the Department of Labor of the suit so that the Department can join if it chooses to do so.[1] The Plaintiffs also concede that *Powell* established that Congress did not validly abrogate Eleventh Amendment immunity under the FLSA. The Plaintiffs argue, however, that the State of Alabama has waived its sovereign immunity by consenting to be sued in federal court for FLSA violations.

In support of their argument, the Plaintiffs cite to the affidavit of Major Patrick Manning who testified that it is the policy of the Department of Public Safety to comply with all federal wage and hour laws. Manning Depo. at page 17:5–8. The Plaintiffs also cite to an Alabama statute which requires that law enforcement officers who work in excess of 40 hours a week be compensated at an overtime rate. *See Ala.Code* § 36–21–4. The Plaintiffs also provide to the court the rules of the State Personnel Board for the proposition that "overtime," "overtime compensation," and "compensatory time" are defined by the terms as used in the FLSA. *See* § 6–X–11–.07, p. 38. Also provided to the court is a State Personnel Board memorandum

which states that the FLSA applies to state and local government effective April 15, 1986. *See* Plaintiffs' Exhibit 4.

The Plaintiffs state that they recognize that the State Personnel Board memorandum was issued in response to the amendment to the FLSA, and that the application of the FLSA to the states was later ruled to be violative of the Eleventh Amendment. The Plaintiffs argue, however, that the State has continued to acknowledge the application of the FLSA to the State. The Plaintiffs point out that they have sought to conduct discovery to determine whether there was a follow-up memorandum adopting the FLSA as applicable to the State, but they rely on the fact that Department of Public Safety officials have testified that the Department of Public Safety attempts to comply with all federal wage and hour laws.

The legal authority cited by the Plaintiffs in support of their position is *Anthony v. Iowa,* 632 N.W.2d 897 (Iowa 2001). They argue that this case is persuasive authority that state statutes can act as an express waiver of Eleventh Amendment immunity to suit under the FLSA. This court disagrees that *Anthony* stands for such a proposition, however.

As the court in *Anthony* explained, the history of that case was that the suit was originally filed in federal district court. The federal court dismissed the suit without prejudice, finding that the Eleventh Amendment precluded the suit and that the state had not waived that immunity through its own statutes. *See Raper v. State of Iowa,* 940 F.Supp. 1421, 1426 (S.D.Iowa 1996), *aff'd* 115 F.3d 623 (1997). The plaintiffs then filed suit in state court. The state court determined that the issue of waiver of sovereign immunity was not

---

1. As the Department of Labor is not currently a party to this suit, the court will not consider this possible contingency in ruling on the jurisdictional issues.

**1214**

subject to the doctrine of issue preclusion because the federal court had been ruling on whether there was consent to be sued in federal court, while the state court was ruling on whether there was consent to be sued in state court. *Anthony,* 632 N.W.2d at 901 (stating the issue as being one of waiver under the Tenth, not the Eleventh, Amendment). Consequently, as the instant case is pending in federal, not state, court, the litigation relied on by the Plaintiffs actually supports the contrary position.

The Defendants respond that the Alabama Constitution provides that the State of Alabama shall never be made a defendant in any court of law or equity, *Alabama Constitution,* Art. I, § 14, and so even if the materials cited by the Plaintiffs, or which the Plaintiffs contend would be revealed through discovery, were an attempt to waive sovereign immunity, that attempt would be ineffective in the absence of a constitutional amendment. The Defendants further argue that the statute, regulations, and deposition testimony submitted by the Plaintiffs simply confirm that state officials understand that the FLSA applies to state employees and that the State follows the FLSA, but these materials in no way indicate that the State has waived its Eleventh Amendment immunity to suit in federal court.

■ The beginning point of this court's analysis is the proposition that the test for determining whether a State has waived its immunity from federal court jurisdiction is a stringent one. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Such consent has to be unequivocally expressed. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). A " 'State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued.' Thus, in order for

a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court." *Atascadero State Hosp.,* 473 U.S. at 241, 105 S.Ct. 3142 (citation omitted). A State's waiver of its Eleventh Amendment immunity must be by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 305–06, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990).

Other federal courts addressing the issue of waiver in the context of the FLSA have concluded that states which adopt FLSA standards governing state fair wage practices have not expressly waived Eleventh Amendment immunity to suit under the FLSA. *See Mueller v. Thompson,* 133 F.3d 1063 (7th Cir.1998); *Taylor v. Virginia,* 951 F.Supp. 591 (E.D.Va.1996). In *Mueller,* the state had adopted overtime policies which incorporated the FLSA and regulations under it. *Mueller,* 133 F.3d at 1064. The court reasoned that the mere fact that federal overtime provisions were made part of state law did not mean that the state had waived its immunity. *Id.* at 1065. In *Taylor,* the plaintiffs pointed out that the Commonwealth of Virginia's Fair Labor Standards Act Policy Manual established that employees of the Commonwealth are covered by the FLSA. *Taylor,* 951 F.Supp. at 602. The Commonwealth of Virginia had also passed statutes which provided that the Commonwealth will comply with federal law. *Id.* at 600. The court concluded that merely because the overtime provisions of the FLSA apply to Commonwealth employees does not establish that the Commonwealth had waived its Eleventh Amendment immunity to suit in federal court for violating the FLSA. *Id.* at 602.

In addition to these cases which have reasoned that mere reliance on FLSA standards, or even a statement that a State is bound by the FLSA, is not sufficient to establish waiver, other courts have also concluded that there is an insufficient indication of waiver where suit in federal court is not designated in the state law. For instance, in *Raper*, the companion case to the Iowa state court decision relied on by the Plaintiffs in this case, the court analyzed a state statute which provided for the recovery from a governmental employer for the alleged failure to pay wages in any court of competent jurisdiction. *Raper*, 940 F.Supp. at 1426. The court concluded that the state statute was not sufficient to constitute a waiver of Eleventh Amendment immunity because it did not specify the State's intention to subject itself to suit in federal court. *Id.*

In addition, in *Abril v. Virginia*, 145 F.3d 182 (4th Cir.1998), the court agreed that it would not be sufficient to prove waiver if discovery revealed that the Commonwealth of Virginia had participated in federal programs in connection with which it had agreed to comply with all relevant federal laws, including the FLSA. *Abril*, 145 F.3d at 191. The *Abril* court stated that in the absence of any specific federally funded program which requires waiver as a condition to participation or receipt of funds, it would not imply consent to be sued in federal court under the FLSA. The *Abril* court also pointed out that there are other mechanisms for enforcing FLSA violations other than private damage actions. *Id.* at 191 n. 17.

Although the Plaintiffs in this case do not appear to be advancing the implied consent theory, this court finds it significant that the *Abril* court placed importance upon the availability of remedies in concluding that there was no waiver of immunity to suit in federal court for FLSA claims. While all of the actions noted in

*Abril* may not be available to these Plaintiffs, there is apparently no dispute that the Secretary of Labor can enforce FLSA violations by seeking injunctive relief against the State. *See also Board of Trustees of the Univ. of Ala. at Birmingham v. Garrett*, 531 U.S. 356, 374 n. 9, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)(noting that simply because Congress did not validly abrogate immunity does not mean there is no recourse as the standards can still be enforced by the United States and through state laws); *Aaron v. Kansas*, 115 F.3d 813, 817–818 (10th Cir.1997)("there is no Eleventh Amendment obstacle to the FLSA's provision authorizing the Secretary of Labor to bring suits on behalf of state employees in federal court for money damages, where any sums recovered are paid directly to the state employees who are owed wages.") (citation omitted).

■ Based on the reasoning of the cases discussed above, and the fact that the Plaintiffs have cited no authority which holds to the contrary, this court is persuaded that merely because the State of Alabama may have incorporated portions of the FLSA or its regulations into state law, and even though State officials may consider the State bound to comply with the FLSA, the State has not expressly waived its immunity to damage actions in federal court. Accordingly, the court is without jurisdiction to hear the Plaintiffs' FLSA claims against the State and the State officials in their official capacities and those claims are due to be DISMISSED without prejudice.

Although the Plaintiffs have named some of the Defendants in their individual capacities as Defendants in the FLSA claim, it is "the law of this circuit that a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA." *Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir.1999).

Accordingly, those claims are also due to be DISMISSED.

## V. CONCLUSION

For the reasons discussed, the court concludes that the Motion to Dismiss is due to be GRANTED. The Plaintiffs will, however, be given an opportunity to re-plead their § 1983 Equal Protection claims for damages against the individual Defendants in their individual capacities, and against the § 1983 Equal Protection claim against the individual Defendants in their official capacities, to the extent that they seek prospective injunctive relief. As the Motion for Conditional Class Certification is for certification of an FLSA opt-in class, that *Motion is due to be* DENIED as moot. *Powell,* 132 F.3d at 679.

A separate Order will be entered in accordance with this Memorandum Opinion.

## *ORDER*

In accordance with the Memorandum Opinion entered on this day it is hereby ORDERED as follows:

1. The Motion to Dismiss (Doc. # 41) is GRANTED as follows:

a. The Plaintiffs' FLSA claims against the State of Alabama and the individual Defendants in their official capacities are DISMISSED without prejudice for lack of subject matter jurisdiction.

b. The Plaintiffs' FLSA claims against James Alexander and Major Patrick Manning in their individual capacities are DISMISSED without prejudice for lack of subject matter jurisdiction.

c. The Plaintiffs' § 1983 Equal Protection claims for damages against the State of Alabama and the individual Defendants in their official capacities are DISMISSED without prejudice for lack of subject matter jurisdiction.

d. The Plaintiffs' § 1983 Equal Protection claims against the State of Alabama and the individual Defendants in their official capacities for prospective injunctive relief, and against the individual Defendants in their individual capacities for damages are DISMISSED without prejudice for lack of sufficiency of pleading. The Plaintiffs are given until December 9, 2002 to file a Third Amended Complaint which, consistent with the Memorandum Opinion accompanying this Order, more specifically sets forth the Equal Protection violation theory for their claims for prospective injunctive relief against the State of Alabama and James Alexander, Major Patrick Manning, Henry Mabry, and Don Siegelman in their official capacities, and for damages against James Alexander and Major Patrick Manning in their individual capacities.

2. The Motion for Conditional Class Certification and for Permission to Send Notice to Class of Right to Opt-in Pursuant to 29 U.S.C. § 216(b) (Doc. # 32) is DENIED as moot.