In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2800

ARLENE NUÑEZ and VERONICA L. MARTINEZ,

*Plaintiffs-Appellants*,

*v.*

INDIANA DEPARTMENT OF CHILD SERVICES,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:14-cv-00293-JD-JEM — **Jon E. DeGuilio**, *Judge*.

ARGUED JANUARY 22, 2016 — DECIDED APRIL 5, 2016

Before BAUER, FLAUM, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. The Indiana Department of Child
Services ("DCS") oversees state child protection services,
child support enforcement, and the Indiana foster care sys-
tem. For nine years, plaintiffs Arlene Nuñez and Veronica
Martinez worked as investigators in the DCS Gary office. On
August 20, 2014, Nuñez and Martinez sued the DCS for vio-
lations of the overtime provisions of the federal Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 207(a). They allege that

DCS required them to work during lunch and to remain on call after their shifts, despite being paid for only forty hours per week. Plaintiffs seek injunctive and declaratory relief, damages, and attorney fees.

In *Alden v. Maine*, 527 U.S. 706 (1999), the Supreme Court held that enactment of the federal FLSA did not abrogate states' Eleventh Amendment immunity, but the Court left open the possibility that states could consent to such suits. *Id*. at 754–55. Plaintiffs argue that Indiana has given consent, but the district court held that it has not.

The district court's judgment said that the complaint was dismissed without prejudice. Dismissal of just a complaint (not the action itself), and without prejudice at that, would ordinarily pose a problem for our appellate jurisdiction. See, e.g., *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1020–21 (7th Cir. 2013). By entering a separate final judgment under Federal Rule of Civil Procedure 58, however, the district court made clear that it thought it was done with the case. Also, the dismissal based on Eleventh Amendment immunity was not based on a defect that could have been cured by amending the complaint. Under these circumstances, this dismissal without prejudice was final in practical terms and amounted to an appealable final judgment. See *Hill v. Potter*, 352 F.3d 1142, 1144–45 (7th Cir. 2003); *United States v. City of Milwaukee*, 144 F.3d 524, 528 n.7 (7th Cir. 1998) (collecting cases).

We review the district court's decision *de novo*, *Defender Security Co. v. First Mercury Insurance Co.*, 803 F.3d 327, 331 (7th Cir. 2015), and we affirm.

The Eleventh Amendment grants states immunity from private suits in federal court without their consent. *Seminole*

*Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *McDonough Associates, Inc. v. Grunloh*, 722 F.3d 1043, 1049 (7th Cir. 2013). An agency of the state receives this same immunity. *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978) (per curiam); *Kroll v. Board of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991).

There are three exceptions to Eleventh Amendment immunity. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). The first—suits against state officials seeking only prospective equitable relief—was not raised here. See *id.*, citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908). The second—where Congress has abrogated a state's immunity through an unequivocal exercise of valid legislative power—does not apply here. *Alden*, 527 U.S. at 754–55 (FLSA does not abrogate Eleventh Amendment immunity).

Plaintiffs rely on the third exception here: a state's waiver of immunity and consent to suit in federal court. See *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 675 (1999); see also *Lapides v. Board of Regents of Univ. System of Georgia*, 535 U.S. 613 (2002) (state's removal of suit to federal court amounted to waiver of Eleventh Amendment immunity in that suit).

The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985). Waiver must be "stated by the most express language or by such overwhelming implications from the text" as to leave no doubt. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (internal quotation mark omitted); see also *Mueller v. Thompson*, 133 F.3d 1063, 1064 (7th Cir. 1998) (waiver requires that "the state has made its intention to waive its rights under the amendment

clear"). Constructive consent will not overcome the presumption of Eleventh Amendment immunity. *Edelman*, 415 U.S. at 673–74. Despite the language in *Edelman* allowing a finding of implied waiver, at least if it is based on "overwhelming implications" from statutory text, we have said more broadly that "implicit waivers won't do; the court must be highly confident that the state really did intend to allow itself to be sued in federal court." *Mueller*, 133 F.3d at 1064. As shown below, we need not resolve this tension between these opinions because the statutory text provides no "overwhelming implications" of waiver.

Nuñez and Martinez argue first that we can find an express waiver in the text of the Indiana Code. They rely on language in the Indiana statute providing a statute of limitations for contract claims against the state. The statute provides: "Any person having a claim against the state arising out of an express or implied contract may bring suit within ten (10) years after accrual of the claim." Ind. Code § 34-13-1-1(a). The express language of this provision does not waive Eleventh Amendment immunity for any general category of claims or for FLSA claims in particular.

The Supreme Court has rejected a finding of waiver of Eleventh Amendment immunity based on such a general statement allowing suit against the state, even when the statement was coupled with an express agreement to obey a specific federal law. *Florida Dep't of Health and Rehabilitative Services v. Florida Nursing Home Ass'n*, 450 U.S. 147, 149–50 (1981) (per curiam) (statute allowing a state to "be sued" and promising to "abide by … the Title XIX Medicaid Program" did not waive the state's immunity for suit alleging insufficient Med-

icaid reimbursements). Nor are there "overwhelming implications" from the statutory text or related provisions showing that this statute of limitations was also meant to waive immunity from FLSA suits. Instead, § 34-13-1-1(a) functions primarily as a statute of limitations for contract disputes with the state. See *Januchowski v. Northern Indiana Commuter Transp. Dist.*, 905 N.E.2d 1041, 1048–49 (Ind. App. 2009).

The plaintiffs also compare § 34-13-1-1(a) to § 34-13-3-5(f), which states that the Indiana Tort Claims Act "shall not be construed as … a waiver of the eleventh amendment." Since the state took the trouble to withhold consent explicitly for tort claims, plaintiffs argue, its failure to do the same for contract claims signals consent to federal court jurisdiction over them. This statutory interpretation argument might have some force in other contexts, but it runs contrary to the strong presumption against waiver of Eleventh Amendment immunity. Under plaintiff's logic, one express disclaimer of waiver for one category of cases would be transformed by canons of statutory interpretation into a sweeping implied waiver of immunity for every other category of cases. Under the strong presumption against waiver, however, Indiana's extra caution shown by an express disclaimer of a waiver for tort and civil rights suits cannot undermine the presumption against waiver for every other sort of claim against the state. Any Eleventh Amendment waiver must be clear, not faintly implied from silence using canons of statutory construction.

Nuñez and Martinez also suggest a more circuitous route from § 34-13-1-1(a) to consent to suit under the FLSA. They rely upon this logical chain: (1) Indiana allows suits to be brought against the state for violations of express and implied contracts, (2) an employment relationship is a contract for

purposes of Indiana law, and (3) the FLSA's requirements are embedded in all employment relationships and thus in contracts. Ergo, conclude plaintiffs, Indiana has consented to federal FLSA suits by its employees. This path around the Eleventh Amendment amounts to a creative argument for the sort of implied waiver that, as the Supreme Court has said, is not sufficient. See, e.g., *College Savings Bank*, 527 U.S. at 678, citing *Edelman*, 415 U.S. at 673.

The district court illustrated the barrier to this argument by correctly comparing this case to *Mueller v. Thompson*, 133 F.3d 1063 (7th Cir. 1998), where we rejected a stronger argument for a state's waiver of Eleventh Amendment immunity for FLSA claims. In *Mueller*, a Wisconsin statute authorized suits against the state as an employer for overtime pay. The statute also expressly incorporated the FLSA in defining what constituted overtime work. We nevertheless rejected the claim that this "chain of provisions effects a waiver of the State's Eleventh Amendment immunity from suit in federal court under the FLSA." *Id.* at 1064. As in *Mueller*, the state statute here refers only to state law. The fact that a state incorporates the standards of the federal FLSA into employment contracts "does not transform state into federal law, any more than by copying the Federal Rules of Civil Procedure a state turns its procedural code into federal law." *Id.*

Plaintiffs attempt to distinguish *Mueller* by arguing that the Wisconsin statute had been enacted in 1971, just five years after Congress amended the FLSA to extend it to most state and local government employees, and when the constitutionality of applying the FLSA to state employees was still unsettled. See generally *Maryland v. Wirtz*, 392 U.S. 183 (1968), overruled by *National League of Cities v. Usery*, 426 U.S. 833 (1976),

in turn overruled by *Garcia v. San Antonio Metropolitan Transit Auth.*, 469 U.S. 528 (1985). When Indiana enacted the current codification of § 34-13-1-1 in 1998, plaintiffs argue, application of the FLSA to state employees was settled law, so we should infer that Indiana legislators made a deliberate choice not to preserve sovereign immunity expressly in statutory text.

This argument runs into three problems, each of which would be sufficient to reject it. First, application of the FLSA to state employees was not settled in 1998, as shown by the Supreme Court's decision in *Alden v. Maine*, 527 U.S. 706 (1999), which held under the Eleventh Amendment that Congress could not subject states to FLSA suits even in state courts without the states' consent. Second, the argument again relies on an erroneous presumption in favor of waiver. States must explicitly waive sovereign immunity, not explicitly preserve it. Finally, the argument reads far too much into the 1998 recodification of Title 34 of the Indiana Code dealing with civil procedure. Public Law 1-1998 was intended to recodify existing law, not to change substantive law, and certainly not to do anything as substantive as implicitly waive the state's Eleventh Amendment immunity. See Ind. Code § 34-7-1-4 (instructions on how to construe recodification act of 1998); Cheri A. Harris, *Cleaning House in Title 34: Recodification of the Civil Code of 1881*, Res Gestae, April 1998, at 26 ("An effort is made to resolve ambiguities in current law whenever possible, but with the condition that no substantive changes are to be made in the law."). The recodification of the older statute of limitations did not indicate any deliberate choice by the state to waive the protections of the Eleventh Amendment.

The judgment of the district court is AFFIRMED.